[S. F. No. 6957.   In Bank.—June 1, 1917.]

## JOHN BRACQUEE, Respondent, v. MOTTET COMPANY (a Corporation), Appellant.

EMPLOYER AND EMPLOYEE—INJURIES TO EMPLOYEE PRIOR TO EMPLOYERS' LIABILITY ACT—NEGLIGENCE.—Prior to the enactment of the Employers' Liability Act of 1913 (Stats. 1913, p. 279), it was essential to a recovery by the employee for injuries received by him in the course of and growing out of his employment, that there should be alleged and proved some fault or negligence on the part of the employer proximately causing the injury.

ID.—HOTEL-KEEPER—EMPLOYEE INJURED IN REMOVING DRUNKEN PERSON—ABSENCE OF NEGLIGENCE OF EMPLOYER.—An instruction given by a proprietor of a hotel to an employee not to permit accommodations therein to a certain drunken and boisterous man seeking the same cannot be construed as an order to remove the man from the premises, or as an instruction involving the use of force by the employee; and if, in the endeavor to persuade the man to leave the building, the employee is assaulted and injured by him, the employer could not, prior to the enactment of such act, be held liable on the theory that he was negligent in setting the employee to a dangerous task, or in ordering him to assume new and perilous duties.

ID.—ERRONEOUS INSTRUCTION.—In an action against the employer to recover for such injuries, an instruction is erroneous which in effect tells the jury that if the injuries were received by plaintiff in the

course of his employment and arose out of it, the defendant is liable without regard to whether or not there was any negligence or fault on the part of the defendant.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Adolphus E. Graupner, Judge.

The facts are stated in the opinion of the court.

L. A. Redman, and Redman & Alexander, for Appellant.

J. C. B. Hebbard, and Hamilton A. Bauer, for Respondent.

ANGELLOTTI, C. J.—On account of personal injuries received in the course of his employment as night clerk of the Hotel Albany in San Francisco, on April 26, 1913, plaintiff obtained a judgment for damages against defendant corporation, which owned and operated said hotel. We have here an appeal from such judgment.

As will be noted, the injuries were received prior to the enactment of our law creating a liability on the part of an employer to an employee for compensation for injuries received in the course of and arising out of his employment *without regard to negligence.* (Stats. 1913, p. 279.) Hence the resort to an action in the superior court for the damages caused by the injury, wherein, of course, it was essential to a recovery by the employee that there should be alleged and proved some fault or negligence on the part of the employer proximately causing the injury. That in such an action the employer's liability at all is dependent upon some fault or negligence on his part is a proposition too thoroughly settled to require discussion.

The complaint does not in terms allege any negligence on the part of the employer. It does allege that he, "while acting in the course of his employment as such clerk at said hotel, was ordered and directed by defendant not to permit a certain boisterous and objectionable man, who was then and there seeking a room in said hotel, to become a guest therein, and plaintiff was then and there ordered and directed by defendant to remove said man from said hotel," and that while he was attempting to obey said order, he was assaulted by said man, and beaten and thrown down a flight of stairs, thus re-

ceiving the injuries. If we assume that this sufficiently shows negligence on the part of the employer, it must be upon the theory that the employer by virtue of his orders to the employee required him to perform new and perilous duties without giving him proper warning of the danger involved. We do not deem it necessary to decide whether the complaint can be held to sufficiently state such a cause of action. The evidence does not measure up to the allegations of the complaint, and, we are satisfied, was insufficient to support the verdict. At the conclusion of the plaintiff's case a motion for a nonsuit was made and denied. It should have been granted. Defendant, however, subsequently introduced its evidence, but this evidence in no degree supplied the defects. At the close of the testimony defendant requested the court to instruct the jury to find for it. This request was denied. It should have been granted, and its denial is assigned as error.

Considering the evidence given in support of plaintiff in the light most favorable to him, it presented substantially this situation: Plaintiff, who was seventy-two years of age, was night clerk in the Hotel Albany, a rooming-house at 187 Third Street, San Francisco. He was on duty as such the night of April 26, 1913. The office was on the second floor of the building, across a little hall at the head of the stairway leading from the ground floor, which was occupied by stores. The stairway is broken about the middle by a landing, where it turns. Two men came to the office and asked for a room. One of these was apparently intoxicated and "nasty" and "boisterous." Plaintiff showed them to a room. He subsequently told the manager, who had a talk with this man, and finally the man gave up the key to the room and voluntarily left the house. A short time thereafter he came back and asked plaintiff to let him go to the room and plaintiff said, "No, I can't let you in the room; you heard the manager; you have given up the key; I have no right to do that, I can't change that." The man then went away, but a short time thereafter returned again, with the same request, which was again denied, and he again left. Shortly thereafter the manager came to the office and plaintiff told him that this man had been annoying him by coming back and requesting to be given accommodations. The manager said: "He has given up the key; don't let him in." The manager then left and plaintiff remained alone in the office. Some time later the

man again returned. Plaintiff was in the office, the window of which looked out upon the stairway. The man came to the window with the same request, which was again denied, and he was asked to go away and not annoy plaintiff longer. He did go down the stairs to the landing or the step above the landing, and plaintiff came out of the office and to the head of the stairway, and endeavored to persuade him to leave the building. Suddenly the man, who had not before shown any inclination to the use of force, in some way reached up and took hold of plaintiff, with the result that plaintiff was dragged or fell to the landing, receiving the injuries on account of which this action was brought.

It will be observed that there is nothing in all this to indicate that plaintiff had been given any order or instruction to remove the man from the premises, or any instruction involving the use of force by him. Substantially, he had been instructed simply not to furnish the man with accommodations, or, in the language of the complaint, "not to permit" him "to become a guest therein." The instruction meant no more than that plaintiff should not receive the man as a guest, entailing the performance of a duty necessarily devolving on clerks in hotels and rooming-houses constantly, that of refusing accommodations to applicants. It is impossible to find in the instruction or conduct of the manager any basis for an inference of negligence on his part in the matter, any basis for an inference of the omission of any information which he was reasonably called upon to give the employee, or of the omission of any precaution he was reasonably called upon to make for his safety.

The testimony given for the defense added nothing of benefit to plaintiff. The manager testified that he and the Mottets were away from the hotel all the evening, returning about 1 o'clock, and this man was just being given a room; that the man was intoxicated and some dispute ensued resulting in the man threatening to leave, and he told him that was "up to him," and the man left; that he followed him to the head of the stairs and saw him go out, and that he then said to plaintiff that he did not want that man in the house, and "if he returns or refuses to leave the house, either call me or get an officer"; that after taking some coffee he then went to bed, and shortly thereafter heard shouts for help

and rushed down the stairs and found plaintiff lying on the landing floor.

It may be conceded solely for the purposes of the decision that if plaintiff had been ordered to personally eject this man from the premises and in attempting to do so was injured, it might be held, under the circumstances, that there was some basis for a finding of negligence. But there was nothing of that sort in the case, no setting of the employee to a dangerous task, no order to assume new and perilous duties. In the language of *Kennedy* v. *Chase,* 119 Cal. 637, [63 Am. St. Rep. 153, 52 Pac. 33], a case cited by plaintiff, "there cannot be neglect without the existence of a corresponding duty," and we look in vain at the evidence in this case to discover anything indicating the existence of any duty devolving on defendant to give any information to plaintiff or to take any additional precaution for the personal safety of plaintiff in this matter.

We are entirely at a loss to account for the verdict in this case upon any other theory than the one it is claimed by defendant was adopted in the trial court, viz., that if the injuries were received by plaintiff in the course of his employment and arose out of his employment, the defendant was liable without regard to whether or not there was any negligence or fault on its part. Of course, this could not be in view of the law applicable to the case. That it was the theory adopted in the trial court appears to be borne out by an instruction given to the jury, as follows:

"If you gentlemen of the jury believe from the evidence that the relation of master and servant existed between plaintiff and defendant at the time of the accident, and if you believe that in the careful discharge of his duty and in obedience to the instruction received by plaintiff from defendant or its agent or manager in charge of the Albany Hotel, the plaintiff received the injuries he complains of, I charge you that the defendant is responsible and in damages liable for the results of that accident. I charge you that injuries received in the line of a servant's duty, or within the scope of his employment, make the master liable."

This manifestly was erroneous, and probably accounts for the verdict.

Looking at the case in the light most favorable to plaintiff, it simply presents the case of an employee who was unfor-

tunately injured in the course of his employment, without any fault or negligence on the part of the employer, at a time when we had no compulsory compensation law rendering an employer liable for injuries to his employees suffered in the course of and arising out of the employment, without regard to whether there was any fault or negligence on the employer's part. In such a case there can be, of course, no liability on the part of the employer on account of the injuries.

The judgment is reversed.

Shaw, J., Melvin, J., Sloss, J., and Henshaw, J., concurred.

Rehearing denied.